#### U.S. DISTRICT COURT
#### SOUTHERN DISTRICT OF FLORIDA
#### MIAMI DIVISION

CASE NO.

ERIC REYES and MARIA REYES,

   Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY

   Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Scottsdale Insurance Company ("Scottsdale"), doing business in the State of Florida, hereby files its notice of the removal of that certain cause of action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, being style ERIC REYES and MARIA REYES v. SCOTTSDALE INSURANCE COMPANY, Case No. 2020-13007-CA-01, stating as follows:

1.  This action was commenced in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and service of process was effected on SCOTTSDALE on or about June 26, 2020. However, this action is actually the second lawsuit filed by Plaintiff concerning the same subject matter. Plaintiff had previously filed a substantively identical action that Defendant removed to this District Court on April 3, 2020, and to which this District Court assigned Case No. 1:20-CV-21437. On April 23, 2020, the District Court entered an Order granting Scottsdale's Motion to Dismiss in Case No. 1:20-CV-21437. *See Eric Reyes v. Scottsdale, Case No. 1:20-CV-21437, Order on Defendant's*

*Motion to Dismiss* (Doc. 6).  On June 15, 2020, the District Court also denied Plaintiffs' Motion for Reconsideration of its dismissal order.  *See Eric Reyes v. Scottsdale, Case No. 1:20-CV-21437, Order on Motion for Reconsideration* (Doc. 13).  So instead of re-filing its lawsuit involving the subject matter at issue in Case No. 1:20-CV-21437 in this District Court, Plaintiff re-filed its lawsuit as a purported "new" lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  But Plaintiff made no attempt to remand Case No. 1:20-CV-21437 before that action was dismissed by this District Court.

2.  Like Case No. 1:20-CV-21437, this is a civil action brought by Plaintiffs ERIC REYES and MARIA REYES ("Plaintiffs") for alleged damage to the property located in Miami-Dade County, Florida.  In the Complaint for this latest action (as in the Complaint at issue in Case No. 1:20-CV-21437), Plaintiffs seek damages in excess of $15,000.00, exclusive of interest, attorney's fees and costs, under a contract for insurance issued by Scottsdale to Plaintiffs.  According to the for this latest action (as in the Complaint at issue in Case No. 1:20-CV-21437), Plaintiffs seek payment of hurricane damage (Claim No. 01902473), and water damage due to a plumbing leak (Claim No. 01903243) to the property located at 9231 NW 33rd Avenue Road, Miami, Florida, plus attorneys' fees, costs and interest.

3.  At the time when this latest action was commenced and at the present time and at all times material to this action (as in Case No. 1:20-CV-21437), Scottsdale was and is a corporation organized and existing under the laws of the Ohio and having its principal place of business in Arizona.

4. At the time when this latest suit was instituted and at all times material to this action (and as in Case No. 1:20-CV-21437), Plaintiffs were and are residents of Miami-Dade County, Florida. Therefore, complete diversity exists between the parties in accordance with 28 U.S.C. § 1332.

5. As was true in Case No. 1:20-CV-21437, the amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. This fact is demonstrated by the extent of damage claimed by Plaintiffs for losses sustained as a result of the damages as well as attorney's fees. Specifically, Plaintiffs claim $71,742.71 (after applying all deductibles to their claims for damages that otherwise exceed $75,000.00), plus additional amounts for their attorneys' fees and costs through trial pursuant to Florida Statutes Section 627.428. Moreover, "When a statute authorizes the recovery of attorney's fees and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *DO Restaurants v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2008). Applying experience and common sense, it is reasonable and beyond mere speculation and conjecture that the amount in controversy exceeds $75,000.

6. Copies of all process, pleadings and orders served upon Scottsdale, and such other papers or exhibits as are required by Local Rules of Court, are filed herein, with the exception of discovery served with the Complaint.

WHEREFORE, Defendant, SCOTTSDALE INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished via electronic mail on the 16th day of July, 2020 to Robin D. Benjamin, Esquire, Benjamin Legal Group, P.A., Office@Benjaminlegalgroup.com.; efiling@benjaminlegalgroup.com.

                                                   */s/ Robert L. Rogers, III*
                                                   Andrew P. Rock, Esquire
                                                   Florida Bar No. 0656437
                                                   Robert L. Rogers, III, Esquire
                                                   Florida Bar No. 0694207
                                                   **The Rock Law Group, P.A.**
                                                   1760 Fennell Street
                                                   Maitland, FL 32751
                                                   Telephone: (407) 647-9881
                                                   Telecopier: (407) 647-9966
                                                   Email: pleadings@rocklawpa.com; and
                                                   rmoreno@rocklawpa.com
                                                   Attorneys for Defendant,
                                                   Scottsdale Insurance Company

rm